## Haddix, et al. v. Gabbard, et al.

(Decided December 16, 1921.)

### Appeal from Breathitt Circuit Court.

Appeal and Error—Finding of Chancellor.—Evidence examined and held to sustain the chancellor's finding that one of the defendants has title by deed from his father to a part and the other defendant title by adverse possession for the statutory period for the rest of the land, which plaintiff sought to sell for partition as the land jointly owned by all the parties as heirs of their deceased father.

RYLAND C. MUSICK for appellants.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Mike Gabbard died intestate in 1904 and was survived by his widow, seven daughters and two sons, all of whom were adults. The widow died in 1915, and shortly thereafter the daughters filed this action against the sons seeking a sale for partition of a described tract of land which it is alleged was owned and in the possession of their father at his death; they further allege that since the death of the father the land has been occupied by the mother and defendants until the mother's death, and since by the defendants, and they seek a separate accounting by each defendant for rents and waste for the portion of the land each is alleged to have had in possession the last ten years.

By the first paragraph of their joint answer defendants deny that their father was the owner or in possession of any of the land when he died or that their mother ever had any possession of same or that plaintiffs own any interests therein or are entitled to an accounting by either of them.

The second paragraph alleges title to a described portion of the land in Pierce Gabbard under deeds executed and delivered by his father and mother in 1892 and 1902 and adverse possession under same thereafter.

The third paragraph avers title in W. B. Gabbard by adverse possession for more than forty years to the remainder of the land, which is particularly described. These pleas of title by defendants were denied by reply and upon a trial the petition was dismissed and plaintiffs appeal.

Although plaintiffs by their pleading denied their father had conveyed to Pierce the described portion of the land claimed by him, each of the three plaintiffs who testified for their side expressly admits that their father had conveyed this land by deed to Pierce, as he also testified; and since no one testified otherwise, and the validity of his deeds is not attacked, it is obvious it is immaterial that he neglected to file one of his deeds with his depositions as he said he would, and the court certainly did not err in dismissing the petition as to this tract.

The evidence for defendants shows quite satisfactorily that twenty-five or thirty years ago Mike Gabbard sold and put W. B. Gabbard in possession of all of his land below a defined and marked line, which is the dividing line between the lands claimed by the two sons, and continuously thereafter until his death recognized it as belonging to W. B. Gabbard; that the latter has paid the taxes, exercised full control of and claimed to own it to a well-marked and defined boundary since that time, without payment of rent or the recognition of any right therein in his father or plaintiffs or any one else; that during some six or seven years, while he did not live upon it, but which was more than fifteen years before the filing of this action, he had tenants upon the land who, with his father's knowledge and consent, rented the land from him and paid the rent to him.

Plaintiffs in their testimony admit that defendant, W. B. Gabbard, has been living upon and claiming this land for twenty-five or thirty years except as above stated; they do not deny he bought it of his father, paid him for it and has paid the taxes, but base their claim of joint ownership upon the fact that their father never conveyed it to him and, as they allege, told them, but not in the presence of W. B. Gabbard, that he never would give W. B. a scratch of the pen for it and intended it should be divided among all of his heirs at his death.

We think the judgment of the chancellor is supported by and certainly it is not palpably against the evidence. Judgment affirmed.